IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MOUNTAIN HOME FLIGHT SERVICE, INC.                                                                 PLAINTIFF

v.                                        Case No. 3:12-CV-03027

BAXTER COUNTY, ARKANSAS;
BAXTER COUNTY AIRPORT COMMISSION;
MCMANN AVIATION FUELING, LLC;
FLY ARKANSAS, LLC; CHARLES HOOPER;
IRA DOUG CHATMAN; TAYLOR SCOTT; and
DAN HALL                                                                                          DEFENDANTS

**ORDER**

Before the Court are Plaintiff Mountain Home Flight Service, Inc.'s Motion to Alter Judgment (Doc. 26), proposed Amended and Restated Complaint (Doc. 26-1), and Brief in Support (Doc. 27). Also before the Court are Defendants Ira Doug Chatman, McMann Aviation Fueling, LLC, Fly Arkansas, LLC, and Taylor Scott's Responses to Plaintiff's Motion (Docs. 32-34), as well as these Defendants' separate Motions for Attorneys' Fees (Docs. 23, 28, and 29).

The Court dismissed this case with prejudice on June 19, 2012, following the Court's decision to grant Defendants' Motions to Dismiss for failure to state a claim and lack of subject matter jurisdiction. Plaintiff now contends that pursuant to Fed. R. Civ. P. 59(e), the Court should reconsider and amend its judgment dismissing the case. Plaintiff further contends that pursuant to Fed. R. Civ. P. 15(b)(2), the Court should allow leave for Plaintiff to file an amended and re-stated complaint that purports to cure the deficiencies in the original Complaint.

"Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d

1284, 1286 (8th Cir. 1998) (internal quotation omitted). "A District Court has broad discretion in determining whether to alter or amend judgment, and [the Court of Appeals] will not reverse absent a clear abuse of discretion." *Id.* (citation omitted).

Plaintiff's Motion to Alter Judgment is not premised on newly discovered evidence or on recently decided cases not previously before this Court. On the contrary, it appears that Plaintiff's proposed amended complaint includes largely the same facts as were present in the original Complaint, including those facts the Court found in its Order of dismissal to be both irrelevant and outside the statute of limitations periods.[1] Plaintiff's proposed amended complaint also contains the very same 19 causes of action asserted in the original Complaint, again substantively unchanged from the original Complaint. These causes of action were dismissed by the Court because they either: 1) were premised on stated facts that occurred so long ago that they did not fall within the relevant statute of limitations periods; 2) did not amount to recognized claims pursuant to Arkansas or federal law; or 3) were state law claims for which the Court declined to exercise supplemental jurisdiction. In addition, Plaintiff's brief in support of its Motion to Alter Judgment fails to present new legal arguments and instead revisits the same arguments it submitted to the Court in earlier pleadings.

In examining Plaintiff's request for leave to amend its Complaint following final judgment, the Court observes that "different considerations apply to motions filed after dismissal" rather than before dismissal. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997). Therefore, leave to amend need not be "freely given" after final judgment pursuant to Rule 15(a)(2). *Id.* The Eighth

---

[1] There appear to be some minor differences between the proposed amended complaint and the original Complaint, as evidenced by the fact that the original Complaint had 253 paragraphs, while the proposed amended complaint has 259 paragraphs.

Circuit has determined that "[a]fter a complaint is dismissed, the right to amend under Fed. R. Civ. P. 15(a) terminates.  Leave to amend may still be granted, but a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time." *Id.* at 550-51 (citing *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993)) (internal quotation omitted).

In the case at bar, Plaintiff fails to give any valid reason why it did not amend its Complaint prior to judgment.  Moreover, Plaintiff's Complaint was not dismissed on a mere technicality or pleading failure; rather, the Complaint was dismissed on the merits, following extensive briefing by the parties.  Accordingly, and in light of the Court's analysis as stated above, Plaintiff's Motion to Alter Judgment (Doc. 26) is **DENIED**.

Defendants' Motions for Attorneys' Fees (Docs. 23, 28, and 29) are also **DENIED**.  Defendants all request attorneys' fees pursuant to Ark. Code Ann. §16-22-309 and/or 42 U.S.C. §1988.  Both of these statutory provisions allow the Court the discretion to determine whether attorneys' fees should be paid to the prevailing parties.  After reviewing Defendants' separate Motions, the Court finds that attorneys' fees are not warranted in this matter.  As the Court has denied all Defendants' requests for fees, Plaintiff's Motion for Extension of Time to File a Reply to Defendants' Motions for fees (Doc. 35)  is **DENIED AS MOOT**.

IT IS SO ORDERED this 2nd day of August, 2012.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE